The trial court was without authority to assume that appellant had been so

previously convicted, or to determine such fact from the evidence. See Moore v. State, Tex.Cr.App., 227 S.W.2d 219.

In order to enhance the punishment for a misdemeanor under the terms of Art. 61, P.C., it was essential that the prior conviction relied upon be alleged in the complaint and information, and that under appropriate instructions the jury find beyond a reasonable doubt from evidence sufficient to support such finding, that the accused is guilty of the offense presently charged, and also that he was, prior to its commission, convicted of a like offense. See Scott v. State, 150 Tex. Cr.R. 536, 202 S.W.2d 945.

The trial court erred in overruling appellant's exception to the charge for failing to submit to the jury the punishment provided by law for the primary offense charged, or requiring the jury to find appellant to have been previously convicted as charged before the punishment could be enhanced.

For the errors pointed out, the judgment is reversed and the cause remanded.

Opinion approved by the Court.

## WADE v. STATE.
### No. 24682.

Court of Criminal Appeals of Texas.
March 1, 1950.

Rehearing Denied April 19, 1950.

None on appeal for appellant.

George P. Blackburn, State's Atty., of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of the unlawful sale of intoxicating liquor in a wet area without having first procured a permit to sell such liquor from the proper authorities, and upon conviction, she was assessed a fine of $100.00.

There are no bills of exception nor statement of facts found in the record. The information and all other matters of procedure seem to be in proper form.

The judgment is affirmed.

HAWKINS, P. J., absent.